OPINION
Defendant-appellant, Ruben Catron III, appeals a decision of the Clermont County Court of Common Pleas imposing a prison term following the revocation of his community control sanction.
In October 1999 appellant was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A), a fifth degree felony, and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third degree felony.
Pursuant to a negotiated plea, appellant pled guilty to one count of possession of cocaine, a fifth degree felony, and one count of attempted tampering with evidence, a fourth degree felony. In December 1999, following a sentencing hearing, the trial court sentenced appellant to five years of community control. At this time, appellant was warned that he could face maximum, consecutive prison sentences on each charge if he violated the conditions of his community control.
On December 22, 1999, appellant failed a drug screen, testing positive for marijuana. Appellant was found guilty of violating the terms of his community control sanction and sentenced to six months in the Clermont County jail.
Appellant again tested positive for drugs, this time marijuana and cocaine, on January 26, 2001. Appellant was found guilty of violating the terms of his community control. The trial court revoked appellant's community control sanction and sentenced him to maximum prison terms, twelve months on the possession of cocaine charge, and eighteen months on the attempted tampering with evidence charge, to be served consecutively. Appellant appeals the sentences, raising two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN ITS IMPOSITION OF THE MAXIMUM PRISON TERM FOLLOWING A COMMUNITY CONROL VIOLATION HEARING.
An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C.2953.08(G)(1). The sentence imposed upon the offender should be consistent with the overriding purposes of sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
Pursuant to R.C. 2929.19(B)(5), a court imposing a community-control sanction must notify the defendant that if any of the conditions of the sanction are violated, the court may order a longer or more restrictive sanction or it may impose a prison term. The court must also indicate the specific prison term that may be imposed upon violation of the community control sanction as selected from the available range of prison terms. Then, if the defendant violates the conditions of his community control, the sentencing court may impose one of the available prison terms that does not exceed the term specified by the court under R.C. 2929.19(B)(5) at the original sentencing. R.C. 2929.15(B).
The mere fact that the court has given notice that a particular sentence will be imposed if community control is violated does not mean that such a sentence should be imposed upon a community control violation. See State v. Yoh, (May 5, 2000), Auglaize App. No. 2-2000-01, unreported. Rather, the sentencing court must consider all relevant facts when sanctioning the violation and must select sanctions which are commensurate with the seriousness of the violation and which adequately protect the public from future crime by the offender. R.C.2929.11(A). Sanctions for violating community control are not punishment for the original offense, as the original sentence of community control should have been reasonably calculated to punish the offender for his conduct and to protect the public from future crime. R.C. 2929.11(A). Thus, logic dictates that the sentencing court must base its decision sanctioning an offender for a community control violation upon consideration of the nature of the original offense and on the events that have occurred since the original sentencing.
In the present case, the court notified appellant at his original sentencing that he could be subject to twelve and eighteen-month prison terms if he violated the conditions of his community control sanction. After finding that appellant violated the conditions of his community control, the court imposed the prespecified prison terms. In doing so, the court complied with portions of R.C. 2929.15(B) in that the sentence remained within the available range of prison terms and did not exceed the term previously specified by the court.
However, the court failed to comply with felony sentencing guidelines regarding imposition of maximum prison sentences. Pursuant to R.C.2929.15(B), the prison term imposed after violation of a community-control sanction must comply with R.C. 2929.14. Besides providing the available range of prison terms for felonies, R.C. 2929.14
also states:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
As set forth in R.C. 2929.14(C), a court shall not impose the maximum sentence unless certain circumstances exist. If the court finds that these circumstances exist, upon making this finding, it must state its reasons for sentencing an offender to the maximum prison term. R.C.2929.19(B)(2)(d). The record of the sentencing hearing must reflect the findings and the reasons therefor. State v. Edmonson, 86 Ohio St.3d 324,329. Because the trial court did not make the specific findings and explanations indicating that appellant satisfied the criteria in R.C.2929.14(C), imposition of the maximum sentence was improper. Accordingly, we find that there is clear and convincing evidence that the trial court failed to consider these sections and that the sentence imposed was contrary to law and not supported by the record. See R.C.2953.08(G)(1). See, also, R.C. 2953.08(A)(1)(a) and (4).
Although the trial court's finding that "the shortest prison term will not adequately protect the public from future crime by the Defendant" supports the imposition of a greater than minimum sentence, it is insufficient to impose the maximum sentence. R.C. 2929.14(C). Appellant's criminal record and failure to comply with community control sanctions may well indicate that he poses the greatest risk of recidivism, warranting the imposition of a maximum sentence. However, the trial court did not make this finding.
The first assignment of error is sustained. Appellant's sentence is vacated and this matter is remanded to the trial court for resentencing. Upon remand, if the court decides to impose the maximum prison term, the court may not do so in the absence of a record that reflects the finding of an offender characteristic described in R.C. 2929.14(C) and its reasons therefor.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN ITS IMPOSITION OF CONECUTIVE TERMS OF IMPRISONMENT FOLLOWING A COMMUNITY CONTROL VIOLATION HEARING * * * IN VIOLATION OF R.C. 2929.14(E)(4).
We find that our resolution of appellant's first assignment of error renders his second assignment of error moot.
Appellant's sentence is vacated and this matter is remanded to the trial court for resentencing.
YOUNG, P.J., and POWELL, J., concur.